IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LORI A. VORWALD,                               OPINION and ORDER

                  Plaintiff,

                                                      08-cv-628-bbc

      v.

3M COMPANY,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Lori Vorwald worked at defendant 3M Company's manufacturing facility in Menomonie, Wisconsin from December 2005 until July 2007, when she went on medical leave. She contends that defendant violated Title VII of the Civil Rights Act of 1964 by first subjecting her to a hostile work environment because of her sex and because she complained about harassment and then making conditions so unbearable that she was forced to take medical leave. Defendant's motion for summary judgment is ripe for review. (Plaintiff's complaint included claims under the Family and Medical Leave Act, but she abandoned those claims by failing to respond to defendant's arguments in its summary judgment motion. Wojtas v. Capital Guardian Trust Co., 477 F.3d 924, 926 (7th Cir. 2007).) Defendant filed a request for oral argument as well, but that request will be denied because

1

defendant failed to explain why oral argument would be useful.

Defendant's motion will be granted with respect to plaintiff's claim that defendant forced her to take medical leave because she has no admissible evidence to support this contention. The motion will be denied with respect to her claim that defendant created a hostile work environment for plaintiff because of her sex and because she complained about the harassment. A reasonable jury could find that the conditions plaintiff endured over the course of her employment at the Menomonie facility violated Title VII.

Most of the facts are in dispute, but I must accept plaintiff's version as true for the purpose of summary judgment. Hemsworth v. Quotesmith Com, Inc., 476 F.3d 487, 489, (7th Cir. 2007). She alleges that the following incidents took place at defendant's Menomonie facility:

- coworker John Sinz told plaintiff in front of other coworkers that she has "the firmest breasts [he's] ever seen";

- "on many occasions" coworker Jim Richardson would hold a tool in front of plaintiff, asking her how it "would feel as a penis";

- in front of other coworkers, Richardson called plaintiff a "dumb ass blonde" and a "bitch";

- in front of plaintiff's supervisor, Craig Olson, coworker Kevin Wallace said to plaintiff that he had been trying to "do" plaintiff "all year"; both Wallace and

2

    Olson started laughing;

- coworker Dave Lekander used foul language toward plaintiff and threw wire at her;

- Olson observed that other employees called plaintiff names such as "fucking cunt" and "dumb shit";

- Olson told her that manufacturing is not the proper place for a woman;

- during one-on-one meetings, Olson asked plaintiff whether she wore "tight pants" and "clothes that showed her breasts" to get attention when she goes out;

- after plaintiff cut her leg on a piece of equipment, Olson said to her, "You realize this is mostly your fault. . . . I mean look at you. You're small, you're a woman . . . . You're not meant for manufacturing";

- a coworker named Larry told plaintiff twice that God does not want mothers to work; when plaintiff complained, Olson reprimanded plaintiff for "gossiping about Larry" and told her not to speak to anyone for the rest of the day. In addition, he told the group leader to call him at home if anyone else had more "trouble" with plaintiff;

- when plaintiff complained to Olson about sexual harassment, his usual response was to laugh;

3

- after plaintiff complained to Olson about harassment, he told her that every manager at the company would know that she filed a complaint and she would never get a management position;

- in one instance after plaintiff complained to Olson that another employee would not help her move heavy equipment, Olson said, "I don't give a shit . . . Maybe you shouldn't be in a group lead position if the guys are not going to listen to you;"

- Olson directed plaintiff to meet with him "one on one" for two or three hours twice a week. At these meetings, Olson scolded plaintiff, turned red, pounded his fists on the desk and threatened to fire her;

- Olson required plaintiff to return to work from an out-of-town vacation even though no work was available to be performed;

- in one instance Olson approved time off for plaintiff to take her daughter to a medical appointment, but informed her the next day that she could not take the time off and initiated disciplinary action against her;

- in one instance, Olson allowed Wallace to stand "very close" to plaintiff while yelling and swearing at her;

- Olson disciplined plaintiff for allowing coworkers to use her computer password while the other employees' passwords stopped working as a result of

4

>   new software; no other employee was disciplined, including the employee who continued to use plaintiff's password after it was no longer necessary to do so;
> 
> - plaintiff was disciplined for not wearing proper safety equipment while male coworkers who did the same thing were not;
> 
> - Olson repeatedly threatened plaintiff that she would lose her job.

To prevail on a claim under Title VII for harassment, a plaintiff must prove that she was subjected to unwelcome conduct for a reason prohibited by the statute, that the harassment was sufficiently severe or pervasive so as to alter the condition of her employment and that the employer failed to respond reasonably to the harassment. Boumehdi v. Plastag Holdings, LLC, 489 F.3d 781, 788 (7th Cir. 2007); Luckie v. Ameritech Corp., 389 F.3d 708, 713 (7th Cir. 2004). Defendant does not argue that a reasonable jury would be unable to find that these actions occurred because of plaintiff's sex or because plaintiff complained about harassment or that it is entitled to summary judgment because it responded reasonably to plaintiff's complaints. Rather, defendant's primary argument is that plaintiff is unable to identify any harassing behavior that occurred within the statute of limitations.

The parties agree that plaintiff had 300 days after the "alleged unlawful employment practice occurred" to file a charge with the Equal Employment Opportunities Commission. 42 U.S.C. § 2000e-5(e)(1). The parties also both assume that it is *plaintiff's* burden to prove

5

that she complied with this deadline, even though a failure to comply with a statute of limitations is generally an affirmative defense. United States v. Approximately 81,454 Cans of Baby Formula, 560 F.3d 638, 641 (7th Cir. 2009); Law v. Medco Research, Inc., 113 F.3d 781, 786 (7th Cir. 1997). (Defendant cites one case for its argument that the burden rests on plaintiff, but in that the case the court was applying Illinois law. Wegger v. Shell Oil Co., 966 F.2d 216, 218 (7th Cir. 1992).) Because it does not alter the outcome of defendant's motion, I will follow the parties' lead. This means that plaintiff must show that an unlawful employment practice occurred after January 2007, 300 days after she filed her charge in November 2007.

Plaintiff concedes that she is unable to recall the date of nearly any incident of harassment. To overcome this problem, she cites a statement dated November 19, 2007 in which she *does* provide dates for the incidents identified above, including some between January and July 2007. Defendant challenges the admissibility of the statement because it is not sworn and constitutes hearsay, but defendant fails to explain why the statement would not be admissible under Fed. R. Evid. 803(5), which allows hearsay statements to be considered if they were prepared "when the matter was fresh in the witness' memory" and the witness is no longer able to recall the event. Plaintiff created the document shortly after she took medical leave, when the events of the previous year would have been much fresher in her mind. United States v. Green, 258 F.3d 683, 689 (7th Cir. 2001) (noting that

6

statement may be admissible under Rule 803(5) even if it was made several months after incident).

Once plaintiff is able to place one incident within the limitations period, she may rely on the continuing violation doctrine to sweep in other incidents that are more than 300 days old if they are part of the same "unlawful practice." National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002). Although plaintiff alleges that the hostile work environment was created by different people and involved different forms of harassment, these different acts may still be part of the same unlawful employment practice for the purpose of Title VII. Bright v. Hill's Pet Nutrition, Inc., 510 F.3d 766, 769(7th Cir. 2007) ("Morgan treats the totality of the working conditions as a single practice. It is inappropriate to draw lines by time (that's Morgan's core holding) or by the particular method that the men used to make working conditions worse for the women than for themselves."); Isaacs v. Hill's Pet Nutrition, Inc., 485 F.3d 383, 386 (7th Cir. 2007) ("As long as the employee remains within a single chain of command, however, and the same people control how the employer addresses problems in the workplace, there is only one employment practice, and all events may be considered (subject to the possibility of laches) to determine whether that employment practice violates Title VII.") In any event, defendant fails to develop an argument that any of the older incidents of alleged harassment are distinct from the newer ones, so I need not resolve that issue for the purpose of its motion for summary judgment.

Kay v. Board of Educ. of City of Chicago, 547 F.3d 736, 738 (7th Cir. 2008) ("[J]udges should respond to the parties' arguments rather than going off independently.")

The only other argument that defendant raises is that none of the incidents identified by plaintiff are sufficiently adverse to constitute discrimination under Title VII. But it is just this kind of "divide and conquer" approach that cases like Morgan are meant to prevent. The question is not whether plaintiff could file a separate lawsuit over each incident, but whether all of the incidents combined created a work environment so hostile that it altered the conditions of plaintiff's employment. Boumehdi, 489 F.3d at 788. "[C]onduct that is not particularly severe but that is an incessant part of the workplace environment may, in the end, be pervasive enough and corrosive enough that it meets the standard for liability." Jackson v. County of Racine, 474 F.3d 493, 499 (7th Cir. 2007). In this case, plaintiff alleges that defendant's employees engaged in a campaign of harassment over the course of a year and a half, involving sexual remarks; attempts to intimidate her with verbal abuse; mocking, degrading and laughing at her; and even throwing objects at her. A reasonable jury could find that this alleged campaign was sufficiently pervasive to alter the conditions of plaintiff's employment. E.g., Boumehdi, 489 F.3d at 499-500 (approximately 18 sexual comments over course of year enough to provide basis for hostile work environment claim under Title VII).

This leaves plaintiff's claim for "constructive voluntary separation" on the ground that

8

defendant's conduct caused her to take a medical leave from which she has been unable to return. Defendant argues that no such claim exists, that plaintiff cannot recover unless she was actually forced to quit. Even if I assume that plaintiff's medical leave qualifies as an adverse employment action under Title VII, the problem with this claim is that plaintiff has no evidence to support it apart from her own affidavit. Plaintiff is not a doctor and she is not qualified to testify that the alleged harassment caused the mental health problems that required her to take a leave of absence. Pearson v. Ramos, 237 F.3d 881, 886 (7th Cir. 2001). The only medical evidence in the record (from plaintiff's treating physician and defendant's expert) supports the view that plaintiff's medical problems were not work related. Accordingly, I must grant defendant's motion for summary judgment with respect to this claim.

## ORDER

IT IS ORDERED that the request for oral argument, dkt. #19, filed by defendant 3M Company is DENIED. Defendant's motion for summary judgment, dkt. #19, is DENIED with respect to plaintiff Lori Vorwald's claims that defendant subjected her to a hostile work environment because of her sex and because she complained about harassment. Defendant's

motion for summary judgment is GRANTED in all other respects.

Entered this 8th day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10